# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

ANTONY HALL,
# 266105

    Plaintiff,

vs.                            Case No.  4:23cv259-AW-MAF

SGT. BROWN, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff filed an amended civil rights complaint, ECF No. 8, pursuant to 42 U.S.C. § 1983.  His amended complaint was reviewed as required by 28 U.S.C. § 1915A and deemed sufficient to proceed.  An Order was entered on September 25, 2023, directing Plaintiff to provide the Court with three copies of his amended complaint so the United States Marshals Service could serve the amended complaint with a summons on Plaintiff's behalf pursuant to Rule 4(c)(3).  ECF No. 10.  Plaintiff's deadline to comply with that Order was October 24, 2023.  *Id.*  As of this date, nothing further has been received from Plaintiff, nor was the Order, ECF

Page 2 of 3

No. 10, returned to the Court as undeliverable because Plaintiff had been released from the Leon County Detention Facility. Thus, it appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1. Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order. Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011). Here Plaintiff was forewarned that if he did not

Case No. 4:23cv259-AW-MAF

provide the service copies, a recommendation would be entered to dismiss this case.  Because Plaintiff failed to comply, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on November 9, 2023.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**